IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARALD MARK GALZINSKI,

    Plaintiff,                    No. 2:10-cv-2860 KJM KJN (TEMP) P

    vs.

CITY OF SACRAMENTO, et al.,      ORDER and FINDINGS AND

    Defendants.             RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to the Civil Rights Act, 42 U.S.C. § 1983. He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a

claim upon which the court can grant relief must have facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

The complaint states a potentially cognizable claim for relief under the Civil Rights Act and 28 U.S.C. § 1915A(b), but only as to the allegation of unreasonable search and seizure levied against defendant Wimple. Plaintiff has not stated a cognizable Fourth Amendment claim against any other defendant, nor does the court find it plausible that plaintiff could allege a cognizable claim under the Fourth Amendment against any of the other named defendants.[1] <u>Iqbal</u>, 129 S. Ct. at 1949. Moreover, to the extent plaintiff seeks relief for ineffective assistance of counsel, prosecutorial misconduct or alleges other facts that, if proven, could challenge the constitutionality of his conviction or sentence, he must aver such claims in a petition for writ of habeas corpus under 28 U.S.C. § 2254, not the Civil Rights Act.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for defendant Wimple.

4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint filed October 22, 2010.

---

[1] The court makes no ruling under 28 U.S.C. § 1915A(b) as to the Fourth Amendment claim against the Jane Doe defendant. The court cannot order service on unidentified defendants. If plaintiff learns the identity of the Jane Doe defendant, he may seek leave to file an amended complaint naming her, and the court will screen the amended complaint accordingly.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Two copies of the endorsed complaint filed October 22, 2010.

6. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS RECOMMENDED that defendants City of Sacramento, Najera, Murawski, McGinnis, Scally and Gissing be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-one days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2011

                                         KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

galz2860.1a.new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARALD MARK GALZINSKI,

    Plaintiff,

vs.

CITY OF SACRAMENTO, et al.,

    Defendants.

No. 2:10-cv-2860 KJM KJN (TEMP) P

<u>NOTICE OF SUBMISSION</u>

<u>OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____
                     Complaint/Amended Complaint

DATED:

_____
Plaintiff