IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARALD MARK GALZINSKI,

    Plaintiff,                    No. CIV S-10-2860 KJM CKD P

    vs.

CITY OF SACRAMENTO, et al.,      ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Wimple (defendant) has filed a motion to dismiss plaintiff's Fourth Amendment claim against Wimple pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

        In his complaint, plaintiff asserts he was arrested on December 17, 2003 at his place of employment. Plaintiff was taken to the Sacramento County Jail where he was met in the booking area by defendant. Defendant instructed another employee to collect "sexual assault samples." Compl. at 7.[1] The inside of plaintiff's mouth was swabbed for saliva, hair was pulled from his head and pubic area, blood was drawn and "a long wooden cotton swab [was shoved]

---

[1] With respect to plaintiff's complaint, the page numbers referenced are those assigned by the court's electronic docketing system.

1

down the shaft of his penis which was invasive and painful." Id. The items collected were stored as potential evidence. Plaintiff was later convicted of committing certain sex offenses against his girlfriend and daughter. Id. at 32-33. While it is not clear, it does not appear that any of the evidence collected on December 17, 2003 was used against plaintiff at trial.

On June 12, 2011, the magistrate judge previously assigned to this case found that plaintiff's allegations against defendant state a potentially cognizable Fourth Amendment claim. Defendant argues that any Fourth Amendment claim plaintiff may have against defendant is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In that case, the Supreme Court found that a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed. Id. at 486-87. With respect to this aspect of defendant's motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the court accepts plaintiff's allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construes his complaint in the light most favorable to him, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As indicated above, there is nothing in plaintiff's complaint suggesting that any of the material retrieved on December 17, 2003 was ever used by the prosecution at plaintiff's trial in any way. Furthermore, nothing suggests that a finding by this court that the December 17, 2003 search initiated by defendant violated plaintiff's Fourth Amendment rights would undermine plaintiff's convictions in any way. Therefore, the portion of defendant's motion to dismiss based on Heck v. Humphrey should be denied.

Defendant also asserts any Fourth Amendment claim against him is time-barred. Because § 1983 does not contain a statue of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000). In California, the limitations period for personal injury actions is two years. Cal. Civ. Pro. Code § 335.1.

/////

When not inconsistent with federal law, federal courts apply the law of the forum state regarding tolling of limitations periods. <u>Johnson</u>, 207 F.3d at 653. California law provides that limitations periods are tolled if a person is imprisoned on a criminal charge when his cause of action accrues, for as long as he is imprisoned not to exceed two years. Cal. Civ. Pro. Code § 352.1.

Federal law controls the question of when a claim accrues. <u>Johnson</u>, 207 F.3d at 653. Under federal law, a claim accrues when plaintiff knows, or should know of the injury which is the basis of his cause of action. <u>Id</u>.

Based on plaintiff's allegations, his Fourth Amendment right to be free from unreasonable searches and seizures claim against defendant accrued on December 17, 2003; the day the allegedly unconstitutional search occurred. The court assumes plaintiff was imprisoned for two years immediately after the accrual of his claim since plaintiff is still incarcerated. That being the case the limitations period was tolled for two years until December 16, 2005. The limitations period began running the next day and then ran out two years later, approximately three years before this action was filed.

With his opposition to defendant's motion, plaintiff presents facts which do not appear in plaintiff's complaint. Therefore, the court converts the statute of limitations aspect of defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgement under Rule 56. <u>See</u> Fed R. Civ. P. 12(d) (court must convert a Rule 12(b)(6) motion to a Rule 56 motion if the court considers matters outside the pleadings). Summary judgment under Rule 56 is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiff's evidence is to be believed. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of plaintiff. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). On June 28, 2011, the court advised

1  plaintiff of the requirements for opposing a motion for summary judgment.  See Rand v.
2  Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and
3  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).
4            The court has reviewed plaintiff's entire opposition to defendant's motion to
5  dismiss / motion for summary judgment and the court finds that plaintiff fails to present anything
6  suggesting his claim did not accrue on December 17, 2003 or that the limitations period
7  applicable to his claim did not run out four years later.  Plaintiff takes issue with the fact that he
8  was never able to obtain the samples collected on December 17, 2003.  However, he does not
9  explain how that bears on his Fourth Amendment claim which concerns the fact that the samples
10 were taken at all, not whether the samples taken were evidence of his guilt or innocence.
11 Plaintiff also asserts the limitations period should be "equitably tolled."  Essential to almost any
12 claim of equitable tolling is that the plaintiff pursued his rights diligently to the extent he could.
13 See e.g. Hull v. Central Pathology Serv. Med. Clinic, 28 Cal.App.4th 1328, 1335 (2d Dist. 1994).
14 Plaintiff fails to point to anything suggesting he needed approximately seven years to bring his
15 Fourth Amendment claim in this court.
16           For all of the forgoing reasons, the court will recommend that plaintiff's Fourth
17 Amendment claim against defendant Wimple be dismissed as time-barred.  The court notes that
18 plaintiff asks that the court delay ruling on defendant's motion to dismiss until plaintiff has time
19 to conduct discovery.  However, plaintiff fails to assert what he hopes to find via discovery
20 which would show that this action is not time-barred.  It does not appear that any further
21 information would change the court's determination as to when plaintiff's claim accrued.  Any
22 information as to whether plaintiff is entitled to more tolling should be known to plaintiff
23 already, especially any information indicating plaintiff pursued his Fourth Amendment claim
24 diligently.
25 /////
26 /////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's request that the court stay its ruling on defendant Wimple's August 29, 2011 motion so that plaintiff may conduct discovery is denied.

IT IS HEREBY RECOMMENDED that:

1. Defendant Wimple's August 29, 2011 "motion to dismiss" be granted; and
2. Defendant Wimple be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 16, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
galz2860.57

5